IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **STAN HASTINGS**, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**SMARTMATCH INSURANCE AGENCY, LLC**<br><br>Defendant. | Case No. 4:22-cv-00228-LPR |

### DEFENDANT'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant SmartMatch Insurance Agency, LLC ("Defendant") answers the Class Action Complaint ("Complaint") filed by Plaintiff Stan Hastings ("Plaintiff") on March 11, 2022 and submits its Counterclaim. Defendant repeats the headings contained in the Complaint for ease of reference. But to the extent that factual allegations are contained in the headings in the Complaint, Defendant denies such allegations or is without sufficient knowledge or information to form a belief as to the truth of such allegations.

### NATURE OF ACTION

1. The case speaks for itself and therefore no response is necessary in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 5 of Plaintiff's Complaint and therefore denies such allegations.

6. Defendant admits the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

7. Defendant admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that venue is proper but denies the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

## TCPA BACKGROUND

10. The statute speaks for itself and therefore no response is necessary in Paragraph 10 of Plaintiff's Complaint.

11. The statute speaks for itself and therefore no response is necessary in Paragraph 11 of Plaintiff's Complaint.

12. The FCC speaks for itself and therefore no response is necessary in Paragraph 12 of Plaintiff's Complaint.

13. The FCC speaks for itself and therefore no response is necessary in Paragraph 13 of Plaintiff's Complaint.

14. The regulations speak for themselves and therefore no response is necessary in Paragraph 14 of Plaintiff's Complaint.

15. The regulations speak for themselves and therefore no response is necessary in Paragraph 15 of Plaintiff's Complaint.

16. The statute and regulations speak for themselves and therefore no response is necessary in Paragraph 16 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

17. Defendant admits the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 18 of Plaintiff's Complaint and therefore denies such allegations.

19. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 19 of Plaintiff's Complaint and therefore denies such allegations.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 21 of Plaintiff's Complaint and therefore denies such allegations.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 27 of Plaintiff's Complaint and therefore denies such allegations.

28. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 28 of Plaintiff's Complaint and therefore denies such allegations.

29. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 29 of Plaintiff's Complaint and therefore denies such allegations.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant admits the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 37 of Plaintiff's Complaint and therefore denies such allegations.

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits the allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendant is without sufficient knowledge to form an opinion as to the truth or falsity of the statements in Paragraph 40 of Plaintiff's Complaint and therefore denies such allegations.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Complaint.

## CLASS ACTION ALLEGATIONS

42. The federal rules speak for themselves and therefore no response is necessary in Paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations set forth in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(b) on behalf of the Robocall Class

59. Defendant incorporates all previous responses contained in the preceding Paragraphs.

60. Defendant denies the allegations set forth in Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses. In asserting these affirmative defenses, Defendant is not assuming the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff. Defendant reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein does not state sufficient facts to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each cause of action therein fails to state a claim upon which relief maybe granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part as Defendant has complied in all respects with any and all obligations that it may have owed to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part as Defendant did not make any calls to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part as Defendant obtained prior express consent to call Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part as Defendant is not vicariously liable for the acts of other parties.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff lacks standing to sue Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff has not incurred any actual injury or damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff of statutory damages violates Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff has sustained any damages, all such damages as such damages were not caused by Defendant but were caused by the acts or omissions of third parties over whom Defendant has no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery, in whole or in part, based on his failure to mitigate damages. As such, any recovery should be reduced or precluded to the extent of such failure.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant did not engage in any knowing or willful conduct toward Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to seek an award of counsel fees and costs of suit against Plaintiff to the extent the allegations of the Complaint are not well-grounded either in fact or in law and/or have been asserted for an improper purpose.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert such other and additional defenses for which discovery may reveal a factual basis.

**WHEREFORE,** Defendant, prays for judgement as follows:

a. The Plaintiff's Complaint against Defendant be dismissed with prejudice and the Plaintiff take nothing by it;

b. For Defendant's excess costs, expenses, and attorneys' fees reasonably incurred because of Plaintiff's unreasonable and vexatious conduct; and

c. For such other and further relief the Court deems just and proper.

## COUNTERCLAIM

Defendant SmartMatch Insurance Agency, LLC ("Defendant") asserts the following Counterclaim against Plaintiff Stan Hastings ("Plaintiff"). This Counterclaim is made in addition to Defendant's Answer because Defendant maintains that it is not liable under the Telephone Consumer Protection Act ("TCPA"). In support of these claims, Defendant sets forth as follows:

## PARTIES

1. Defendant is a limited liability company located at 120 W. 12th Street, Suite 1700, Kansas City, Missouri 64105.

2. Plaintiff Stan Hastings is an individual who lives in Little Rock, Arkansas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter in this dispute under 28 U.S.C. § 1332 because the action involves a dispute between citizens of a state and citizens of a foreign state, and the amount in controversy exceeds $75,000.

4. The Court also has supplemental jurisdiction over Defendant's counterclaim under 28 U.S.C. § 1367 because Defendant's common law claims are substantially related to the claims within this Court's original jurisdiction and are an inextricable part of the instant case.

5. Venue is appropriate in this district under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred within this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is a well-known businessman in Little Rock, Arkansas.

7. He is the CEO of Moon Distributors, Inc., a wine and spirit wholesale distribution company, and the owner of Trivia Marketing, a promotional products company.

8. Plaintiff is the former owner of Commercial Mail Service, a direct mail marketing company.

9. Commercial Mail Service is or was previously located at 200 N. Cross St., Little Rock, Arkansas 72201.

10. Plaintiff is the owner of the phone number (501) 680-XXXX.

11. Plaintiff has been a class representative in at least three other TCPA class actions in this District. *See, e.g.*, *Hastings v. Gerber Life Ins. Co.*, 4:20-cv-01345-BSM (E.D. Ark. Nov. 13, 2020); *Hastings v. Rescue 1 Financial LLC*, 4:21-cv-00452-DPM (E.D. Ark. May 25, 2021); *Hastings v. NexLevel Direct LLC*, 4:21-cv-01228-JM (E.D. Ark. Dec. 21, 2021).

12. Plaintiff, or his agent, visited https://medicare.healthinsurancelabs.com/medicare/ on December 3, 2019, at 9:52 AM EST.

13. This website allows consumers seeking health insurance quotes to enter their personal information to be contacted.

14. Plaintiff, or his agent, entered (501) 680-XXXX, the name "Marvin Taeese," and the address 200 N. Cross St., Little Rock, Arkansas 72201.

15. Plaintiff, or his agent, then clicked "submit" and consented to receive prerecorded calls regarding health insurance quotes.

16. Upon information and belief, "Marvin Taeese" is not a real person.

17. Plaintiff, or his agent, submitted the false name "Marvin Taeese," the phone number (501) 680-XXXX, and the address 200 N. Cross St., Little Rock, Arkansas 72201 to induce third parties to call Plaintiff.

18. Submitting this false information enabled Plaintiff to manufacture this lawsuit and allege that he did not provide his consent to be called as required by the TCPA.

19. 200 N. Cross St., Little Rock, Arkansas 72201 is the current, or former address of Plaintiff's former business, Commercial Mail Service.

20. The IP address associated with the consumer that requested to receive insurance quotes is consistent with Plaintiff's location in Little Rock, Arkansas.

21. As a result of submitting this information and providing consent to be called, a third party called Plaintiff on March 27, 2021, and asked to speak to "Marvin."

22. Plaintiff answered to the name "Marvin," and did not indicate at any point during the call that was not his name:

> 0:37 Transfer Agent - "Okay. Mr. Marvin, this gentleman is going to take care of you from here. You're in good hands. Thank you very much for your time, okay?"
>
> 0:45 Plaintiff - "Thank you."
>
> 0:46 Transfer Agent - "Okay."
>
> 0:48 Agent - "Hello. Marvin?"
>
> 0:52 Plaintiff - "Yes."
>
> 0:53 Agent - "Good morning, Marvin. Again, my name is [Agent's name] and with SmartMatch Insurance on a recorded line. How are you doing this morning?"
>
> 1:01 Plaintiff - "Good. How are you?"

23. Plaintiff continued to engage the agent under the false pretense that he was an individual named "Marvin" and was interested in health insurance quotes.

24. The third party transferred the call to Defendant.

25. An agent employed by Defendant again asked Plaintiff if he was speaking to "Marvin." Plaintiff said yes.

26. On more than one occasion, Plaintiff has answered other calls and claimed to be "Marvin Taeese."

27. Plaintiff, or his agent, has previously entered the false name "Marvin Taeese" on other websites to encourage companies to call Plaintiff regarding products and services.

28. Plaintiff has sent demand letters to those companies demanding to settle his meritless TCPA allegations or he would file a lawsuit.

29. Plaintiff has filed at least one other TCPA class action after submitting false information on other websites to encourage companies to call him regarding products and services.

### FIRST CAUSE OF ACTION
### Common Law Fraud

30. Defendant incorporates the previous paragraphs into this cause of action.

31. Under Arkansas law, the elements of common law fraud are: (1) false representation of material fact made by the individual; (2) the individual knew the representation was false; (3) the individual intended to induce the other party to act in reliance upon the representation; and (4) the other party justifiably relied upon the representation in acting and as a result sustained damages. *Moore v. Mack's Sport Shop, LLLP*, No. 4:16-cv-00540-KGB, 2017 U.S. Dist. LEXIS 160666, at *29 (E.D. Ark. Sep. 29, 2017).

32. Plaintiff has committed common law fraud against Defendant.

33. Plaintiff made multiple knowing, material, and false representations.

34. Plaintiff made knowing, material, and false representations when he submitted that his name was "Marvin Taeese," his address was 200 N. Cross St., Little Rock, Arkansas 72201, and he was interested in health insurance quotes.

35. Plaintiff made knowing, material, and false representations when he answered to the name "Marvin" and never indicated at any point during the call that "Marvin" was not his name.

36. Plaintiff made knowing, material, and false representations when he continued to engage the agent under the false pretense that he was an individual named "Marvin" and was interested in health insurance quotes.

37. Plaintiff intended for Defendant to rely on the false information he submitted to induce Defendant to contact him regarding health insurance quotes.

38. Defendant relied on the false information Plaintiff submitted and purchased Plaintiff's information from a third party under a contract.

39. After the third party prescreened Plaintiff based on his false information and feigned interest in health insurance quotes and transferred the call to Defendant, Defendant justifiably relied on Plaintiff's representations by engaging Plaintiff about his expressed interest in health insurance quotes.

40. Because of its justifiable reliance on Plaintiff's false representations, Defendant has sustained damages.

41. Defendant has sustained damages from lost company revenue and profit from the purchase of Plaintiff's information because Plaintiff falsified his information and feigned interest in health insurance quotes.

42. Defendant has sustained damages by wasting the call agent's time and effort in pursuing a sale to Plaintiff based on his false information and feigned interest in health insurance quotes.

43. Defendant has sustained damages for the resources required to defend Plaintiff's manufactured lawsuit based on his false information and feigned interest in health insurance quotes.

44. Plaintiff continues to misrepresent these material facts in his pursuit of this lawsuit, wasting the Court's and Defendant's time and resources in dealing with a lawsuit that Plaintiff knows is meritless.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE,** Defendant, prays for judgment as follows:

a. The Plaintiff's Complaint against Defendant be dismissed with prejudice and Plaintiff take nothing by it;

b. An entry of judgment against Plaintiff for common law fraud, and an award to Defendant of its actual and punitive damages, costs, fees and other such relief, at law and equity, as this Court may find just.

c. For such other and further relief the Court deems just and proper.

## JURY DEMAND

Counterclaimant, Defendant requests a trial by jury for all claims that can be so tried.

Dated: May 16, 2022  Respectfully submitted,

        Gary D. Marts, Jr. (2004116)
        WRIGHT, LINDSEY & JENNINGS LLP
        200 West Capitol Avenue, Suite 2300
        Little Rock, AR 72201
        Telephone: (501) 371.0808
        Facsimile: (501) 376.9442
        Email: gmarts@wlj.com

        -and-

        COPILEVITZ, LAM & RANEY, P.C.
        William E. Raney, MO #46954 (*Pro hac vice to be submitted*)
        Kellie Mitchell Bubeck, MO #65573 (*Pro hac vice to be submitted*)
        Colin Gregory, MO# 72820 (*Pro hac vice to be submitted*)
        310 W. 20th Street, Suite 300
        Kansas City, Missouri 64108
        Telephone: (816) 472-9000
        Facsimile: (816) 472-5000
        Email: braney@clrkc.com
               kbubeck@clrkc.com
               cgregrory@clrkc.com

        *Attorneys for Defendant SmartMatch Insurance Agency, LLC*