**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**STAN HASTINGS**                                                                                          **PLAINTIFF**

v.                                      **Case No. 4:22-cv-00228-LPR**

**SMARTMATCH INSURANCE AGENCY, LLC**                                    **DEFENDANT**

**ORDER**

On August 15, 2022, the Court held a hearing for Plaintiff Stanley Hastings, Jr.'s Motion to Dismiss Defendant SmartMatch Insurance Agency, LLC's counterclaim. At the end of that hearing, the Court addressed the parties' Joint Rule 26(f) Report and the Court's forthcoming Final Scheduling Order. Specifically, the Court and the parties discussed how to structure discovery, class certification issues, and merits-based dispositive motions.

SmartMatch requested bifurcation of discovery as follows: (1) discovery related to SmartMatch's potential liability to Mr. Hastings, Jr. under the TCPA and Mr. Hastings, Jr.'s potential liability to SmartMatch for common-law fraud; (2) summary judgment motions upon close of the first phase of discovery; and (3) Rule 23 and other class-related discovery, only if Mr. Hastings, Jr.'s claims under the TCPA survive summary judgment. Mr. Hastings opposes any bifurcated discovery. He argues that bifurcation would be counterproductive and duplicative. Instead, Mr. Hastings would have all class-certification and merits-based discovery occur simultaneously. The Court took a third position: Bifurcating discovery, but with class-certification discovery and class-certification motions taking place before merits-based discovery begins.

Upon further reflection, the Court is not sure that its suggested approach is best for this case. Before deciding whether to adopt either side's preferred schedule or the Court's third way,

the Court would appreciate additional briefing from the parties. Accordingly, the Court orders each party to submit a brief explaining (1) why the Court should adopt that party's preferred schedule, (2) why the Court should not adopt the opposing party's schedule, and (3) why the Court should not proceed with its own proposal. With respect to SmartMatch, in addition to whatever else it wants to argue, the Court specifically requests the strongest authority (or authorities) SmartMatch has concerning the propriety and utility of proceeding in the manner SmartMatch suggests.

The Court orders each party to submit a brief of no more than six pages within seven days from the date of today's Order. No responses or replies will be allowed. Shortly after the submission of the simultaneous briefing, the Court will issue a Final Scheduling Order that resolves this issue. Neither party needs to conduct further discovery until the Court issues its Final Scheduling Order.

IT IS SO ORDERED this 16th day of August 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE