UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **STAN HASTINGS**, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**SMARTMATCH INSURANCE AGENCY, LLC**<br><br>Defendant. | Case No. 4:22-cv-00228-LPR |

## AGREED PROTECTIVE ORDER

The parties to this case agree to protect the confidentiality of certain information, including, but not limited to, documents and electronically stored information ("ESI"), and any other items that may be discovered, exchanged, discussed, offered into evidence, and/or used at any deposition, legal proceeding, Court hearing or the trial of this case (collectively "Confidential Materials"). The parties agree that the confidentiality of such Confidential Materials shall be preserved under the terms of this Protective Order, as follows:

1.  This Order governs all Confidential Materials produced by any party and non-party/third party that they may designate as "CONFIDENTIAL". For purposes of this Order, "Confidential Materials" includes, but is not limited to: non-public, employment-related information; financial information and records; trade secret information; tax returns; confidential reports and information contained therein; CRM data; customer, vendor, and supplier lists and information; affiliate, publisher, and advertiser lists and information; business plans; certain campaign and offer information or data; purchase and pricing data, sales and shipment information; product design and performance information; research and development information;

confidential information sent to or received from business affiliates and joint venture partners; and any other confidential, proprietary or other sensitive information reasonably anticipated to cause competitive or other injury to the party or non-party producing the information or to cause injury to the current or future business or personal relations of that party or non-party, or which that party or non-party otherwise believes in good faith to be private, confidential, proprietary, privileged or protected.

2. It is agreed that any materials or documents containing Confidential Materials requested by any of the parties that the producing party deems and stamps as "CONFIDENTIAL," shall be deemed confidential and disclosed <u>only</u> to the following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information:

   a. Plaintiff Stan Hastings and his counsel who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

   b. Counsel for defendants who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation; and

   c. any expert or consultant engaged by a party for the purpose of assisting in the preparation of this Litigation and/or trial testimony; provided, however, that such expert or consultant shall not retain the Confidential Materials or records or any copy thereof once the Litigation is concluded;

3. Before showing or divulging any Confidential Materials to any expert or consultant, the party and/or its legal counsel shall first obtain from each such person a signed "Written

Assurance" in the form attached hereto as Exhibit 1. Counsel shall maintain a list of all such recipients of Confidential Materials and the original of every "Written Assurance" required pursuant to this paragraph. At the conclusion of this Litigation, each and every signed "Written Assurance" and a list of all recipients of Confidential Materials shall, upon written request, be forwarded to counsel for the party producing or providing the Confidential Materials.

4. The inadvertent production, without designation as confidential, of information or a document intended to be designated or that should have been designated as being confidential shall not waive the right to so designate such document or information. Any Confidential Materials that are inadvertently not designated as being confidential when produced shall be, upon written request of the producing party or non-party, thereafter, be marked and treated as being designated as confidential under this Protective Order.

5. A party or non-party may designate as confidential portions of any deposition transcript wherein materials designated as "CONFIDENTIAL" are identified, discussed, or disclosed. Portions of a deposition transcript so designated will be subject to the terms of this Protective Order. The designation must be made by letter sent by facsimile, U.S. mail, or electronic mail to opposing all parties, including any applicable non-parties that are affected by such designation, and their respective attorneys within twenty-one (21) business days after receipt of the transcript. Additionally, Confidential Materials shall not be attached or included to any deposition transcript. Any confidentiality designation asserted on the record during a deposition must be confirmed in writing within this same time period, providing the specific pages of the transcript that are designated as "CONFIDENTIAL." The portions of a deposition transcript that mention or discuss materials designated as "CONFIDENTIAL" must be treated as confidential and therefore subject to this Protective Order until 5:00 p.m. Central Time on the twenty-first

(21st) business day after receipt of the transcript. All portions of the deposition transcript not designated as "CONFIDENTIAL" by 5:00 p.m. Central Time on the twenty-first (21st) business day after receipt of the transcript will be excluded from the protections of this Protective Order.

6. If a party or non-party wishes to challenge the confidential designation made by the producing party of any Confidential Materials, he or she must first attempt in good faith to confer with the producing party to resolve the issue amicably. If an agreement cannot be reached, the party objecting shall file a motion within thirty (30) days or otherwise waive the objection to the designation of confidentiality. The motion should describe with specificity the materials for which the designation is being challenged and set forth with specificity the particular materials that are properly designated as confidential, however, such description shall not disclose the confidential information contained in the Confidential Materials. Confidential Materials designated as "CONFIDENTIAL" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

7. Subject to the Federal Rules of Evidence and any subsequent rulings by this Court, any Confidential Materials may be offered in evidence at any Court hearing or trial, provided the parties move the Court to prevent unnecessary disclosure of Confidential Materials governed by this Order.

8. Any party or non-party that wishes to file with the Court Confidential Materials shall in good faith confer with the designating party or non-party about whether the Confidential Materials can be filed in the public record, and in what manner the confidential information can be preserved without disclosure. If the Parties cannot agree to file the material in the public record, the filing Party shall redact the confidential information in the Confidential Materials as provided by Federal Rule of Civil Procedure 5.2. If redaction is not practicable, the parties are authorized

by this Protective Order to file under seal any and all Confidential Materials designated as "CONFIDENTIAL" or reasonably believed to be confidential under this Protective Order. The parties may agree subsequently to exclude any Confidential Materials from coverage under this Protective Order and, upon motion of a party or upon the Court's own motion, the Court may exclude any information or documents from coverage under this Protective Order. Nothing in this Protective Order shall restrict any use by a producing party of its own confidential information or documents.

9. No party or his, her, or its attorney may comment in the presence of the jury on the reasons or motivation for designating Confidential Materials as confidential without first having obtained permission from the Court to do so.

10. All Confidential Materials shall be used solely for the purpose of this Litigation and shall not be disclosed or disseminated to <u>anyone</u> by any person or entity except as herein provided or required or compelled by law or by any judicial, governmental or administrative body under a law, regulation, or order. No individual shall share, disclose, or discuss any of the Confidential Materials to any other individual, directly or indirectly, except as authorized by this Protective Order. No individual shall use any of the Confidential Materials to the detriment of the producing party or for any other business or financial benefit of the individual.

11. The receiving party shall hold and maintain the Confidential Materials in strictest confidence and shall not use for the receiving party's own benefit, publish, copy, or otherwise share, disclose, or discuss to others, in any form or manner.

12. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or

otherwise required by legal process to disclose the Confidential Materials, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

13. Violation of the terms of this Order may be treated as a contempt of Court and punished as such in accordance with federal law. Nothing in this Protective Order shall limit a party from seeking any remedy or relief, including damages or injunctive relief, in the event of a breach or threatened breach of the terms of this Protective Order.

14. The Court retains jurisdiction to make any amendments, modifications, or additions to this Protective Order as it deems appropriate. The Court shall also retain jurisdiction for the purpose of enforcing this Protective Order.

15. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment, or appeal, all Confidential Materials and all copies in print (other than exhibits of record), on computer disc, or in any type of electronic format shall be destroyed or returned to the party or non-party that produced the documents.

16. Notwithstanding anything in this Protective Order, the Court and court staff may view confidential material submitted by the parties. Moreover, such materials do not need to be returned to the parties at the end of the litigation. And it shall be solely in the discretion of the Court whether to seal the trial or trial transcripts if they contain or refer to confidential materials.

IT IS SO ORDERED this 21st day of November 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

APPROVED:

/s/ *Anthony I. Paronich*
Anthony I. Paronich (*Pro hac vice*)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facisimile (508) 318-8100
Email: anthony@paronichlaw.com

-and-

Jason Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
Telephone: (501) 228-8100
Facsimile (501) 228-7300
Email: jason@ryburnlawfirm.com

*Attorneys for Plaintiff*

/s/ *Gary D. Harts, Jr.*
Gary D. Marts, Jr. (2004116)
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Telephone: (501) 371.0808
Facsimile: (501) 376.9442
Email: gmarts@wlj.com

-and-

COPILEVITZ, LAM & RANEY, P.C.
William E. Raney, MO #46954 (*Pro hac vice*)
Kellie Mitchell Bubeck, MO #65573 (*Pro hac vice*)
Colin Gregory, MO# 72820 (*Pro hac vice*)
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
Telephone: (816) 472-9000
Facsimile: (816) 472-5000
Email: braney@clrkc.com
       kbubeck@clrkc.com
       cgregrory@clrkc.com

*Attorneys for Defendant SmartMatch Insurance Agency, LLC*

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| **STAN HASTINGS**, individually and on behalf of others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**SMARTMATCH INSURANCE AGENCY, LLC**<br><br>Defendant. | Case No. 4:22-cv-00228-LPR |

## WRITTEN ASSURANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS

I hereby acknowledge and affirm that I have read the terms and conditions of the Confidentiality Order Regarding Documents and Materials Produced by the parties herein ("Confidentiality Order"). I understand the terms of said Confidentiality Order and under oath consent to be bound by the terms of said Confidentiality Order as a condition to being provided access to any Confidential Materials. Further, by executing this Written Assurance and Agreement, I hereby consent to the jurisdiction of this Court for the special and limited purpose of enforcing the terms of the Confidentiality Order.

I recognize that all civil remedies for breach of this Written Assurance and Agreement, and Confidentiality Order, are specifically reserved by the parties and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Written Assurance and Agreement,

I recognize that the aggrieved party may pursue all civil remedies available to it as a third-party beneficiary of this Written Assurance and Agreement.

Upon request, I will return all Confidential Materials, along with all copies of same, to the person who provided them to me. I will not retain any copies of any Confidential Materials nor will I disclose or make any use of any information contained therein outside of this Litigation.

DATED:_____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

STATE OF _____

COUNTY OF _____

The foregoing instrument was sworn to and acknowledged before me this _____ day of_____, 20\_\_\_, by _____.

Signature of Notary_____

_____
PRINT, TYPE OR STAMP NAME OF
NOTARY

Personally known _____
OR Produced Identification _____
Type of Identification Produced _____